## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                      Case No.: 8:21-cr-300-WFJ-UAM

MICHAEL ADIX
_____/

### ORDER

Before the Court is the matter of whether Michael Adix, USM#: 64922-509, should be granted a reduction in sentence under Amendment 821 to the United States Sentencing Guidelines. *See* Dkts. 115, 120, 129, 131, 132. In accordance with this Court's orders, Dkts. 120, 131, the United States filed its position and recommendation concerning Amendment 821 of the USSG, given Defendant's status as a "zero point offender," Dkts. 129, 132. The Government recommends a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On April 18, 2023, Michael Adix was sentenced for four counts under 26 U.S.C. §§ 7206(1) and 18 U.S.C. § 2 to 33 months (all counts to run concurrent with each other). Michael Adix's total offense level was 18. He was assessed no criminal history points, and his criminal history was category I.  Mr. Adix's advisory sentencing range was 27-33 months, and he received a sentence at the

high end of the advisory range.  Mr. Adix may have recently self-reported, but there is no established release date set by the BOP.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum determining that Michael Adix is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821, because Mr. Adix was not currently serving a term of imprisonment.  Dkt. 115 at 2.  At the time, Mr. Adix had not yet self-reported.

According to the United States in its filings, once Mr. Adix reports, he will be eligible for a discretionary sentence reduction.  A two-level decrease based on Amendment 821 reduces the offense level from 18 to 16 and reduces his advisory sentencing range to 21-27.  The Federal Defender has been appointed but need not file a motion because the position of the United States is well-taken in that some reduction may be granted.  At sentencing, Mr. Adix received the high end of the guidelines.  The United States seeks a comparable reduction to 27 months, which is the high end of the revised advisory guidelines range.

3

The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a), and finds those factors militate in favor of a reduction in sentence. Although Mr. Adix initially received the high end of the advisory guidelines (33 months), the Court exercises its discretion to grant a reduction in sentence to the middle of the new advisory guidelines—24 months (21-27).

A jury found Mr. Adix guilty of perjury and underreporting his personal income for the 2012 through 2015 tax years.  Mr. Adix reported $325,000 in income over this period, yet his bank accounts revealed over $1.1 million of expenditures.  His conviction has recently been affirmed on appeal and the mandate issued.  Mr. Adix's house has been foreclosed upon and his cars repossessed.

A reduced sentence of 24 month amounts to a nine-month reduction. Although it is not at the high end of the amended advisory guidelines (21-27), a 24-month, middle-of-the-guidelines sentence is in line with the sentencing factors. The revised sentence adequately reflects the "nature and circumstances of the offense." *See id.* at (a)(1) (consideration of nature and circumstances of the offense).  This reduced sentence continues to "reflect the seriousness of the offense" and "promote respect for the law." *See id.* at (a)(2)(A).  The nine-month reduction would not have any significant effect upon deterrence (see *id.* at (a)(2)(B)) and deterrence would not be impaired by this proposed reduction.

The Court **GRANTS** a sentence reduction as to Defendant Michael Adix. Mr. Adix's previously imposed sentence of imprisonment of 33 months is reduced to 24 months or time served plus 14 days, whichever is greater.

**DONE AND ORDERED** at Tampa, Florida on May 12, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE